## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JAMES ANDERSON; DOROTHY WHITFIELD-ANDERSON; TERRELL WHITFIELD, JANICE KING, SHEREE HENDERSON, on behalf of her minor child, S.H; and TOYOTHY WHITFIELD, | ) ) ) ) ) ) ) ) | No. 16 CV 726 |
| Plaintiffs, | ) ) | |
| v. | ) ) | Honorable Judge Andrea Wood |
| CITY OF CHICAGO, a municipal corporation, OFFICER JOSEPH R. PAPKE, Star No. 4904, in his individual capacity; OFFICER DURAND E. LEE, Star No. 18858, in his individual capacity; SGT. BRIAN T. SCHNIER, Star No. 1273, in his individual capacity; OFFICER RICO CARTER, Star No. 5068, in his individual capacity; OFFICER PATRICK J. WHERFEL, Star No. 5363, in his individual capacity; OFFICER ERIK R. SHEARER, Star No. 8214, in his individual capacity; OFFICER ARMANDO UGARTE, Star No. 15050, in his individual capacity; OFFICER ANTHONY P. BRUNO, Star No. 12212, in his individual capacity; and OFFICER WILLIAM J. LEPINE, Star No. 7736, in his individual capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | **Jury Trial Demanded.** |

## <u>AMENDED COMPLAINT</u>

**NOW COME** Plaintiffs, JAMES ANDERSON, DOROTHY WHITFIELD-

ANDERSON, TERRELL WHITFIELD, JANICE KING, SHEREE HENDERSON,

1

on behalf of her minor child, S.H., and TOYOTHY WHITFIELD, by and through their attorney, Rebecca R. Kaiser, complaining of Defendants, the CITY OF CHICAGO; OFFICER JOSEPH R. PAPKE, Star No. 4904, in his individual capacity; OFFICER DURAND E. LEE, Star No. 18858, in his individual capacity; SGT. BRIAN T. SCHNIER, Star No. 1273, in his individual capacity; OFFICER RICO CARTER, Star No. 5068, in his individual capacity; OFFICER PATRICK J. WHERFEL, Star No. 5363, in his individual capacity; OFFICER ERIK R. SHEARER, Star No. 8214, in his individual capacity; OFFICER ARMANDO UGARTE, Star No. 15050, in his individual capacity; OFFICER ANTHONY P. BRUNO, Star No. 12212, in his individual capacity; and OFFICER WILLIAM J. LEPINE, Star No. 7736, in his individual capacity, as follows:

## NATURE OF CASE

This is an action for monetary damages brought pursuant to 42 U.S.C. §1983 and the laws of the State of Illinois.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1343 and 1367, because Plaintiffs assert claims that arise under the Constitution and laws of the United States, and other claims that are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.     Venue is proper pursuant to 28 U.S.C. §1391(b), because the facts that gave rise to the claims occurred within the Northern District of Illinois.

## THE PARTIES

3.     At all relevant times, Plaintiff James Anderson ("Mr. Anderson") was a resident of the Northern District of Illinois.

4.     At all relevant times, Plaintiff Dorothy Whitfield-Anderson ("Mrs. Anderson") was a resident of the Northern District of Illinois.

5.     At all relevant times, Plaintiff Terrell Whitfield ("Ms. Terrell Whitfield") was a resident of the Northern District of Illinois.

6.     At all relevant times, Plaintiff Janice King ("Janice") was a resident of the Northern District of Illinois.

7.     At all relevant times, representative Plaintiff Sheree Henderson's minor daughter, S.H., was a resident of the Northern District of Illinois.

8.     At all relevant times, Plaintiff Toyothy Whitfield ("Ms. Toyothy Whitfield") was a resident of the Northern District of Illinois.

9.     At all relevant times, Defendant Officer Joseph R. Papke, Star No. 4904, ("Papke") served as a Chicago Police Officer and acted under the color of law and in the course and scope of his employment with the City of Chicago as a sworn law enforcement officer.

10.     At all relevant times, Defendant Officer Durand E. Lee, Star No. 18858, ("Lee") served as a Chicago Police Officer and acted under the color of law and in the course and scope of his employment with the City of Chicago as a sworn law enforcement officer.

11.     At all relevant times, Defendant Sgt. Brian T. Schnier, Star No. 1273 ("Schnier") served as a Chicago Police Officer and acted under the color of law and in the course and scope of his employment with the City of Chicago as a sworn law enforcement officer.

12.     At all relevant times, Defendant Officer Rico Carter, Star No. 5068 ("Carter") served as a Chicago Police Officer and acted under the color of law and in the course and scope of his employment with the City of Chicago as a sworn law enforcement officer.

13.     At all relevant times, Defendant Officer Patrick J. Wherfel, Star No. 5363 ("Wherfel") served as a Chicago Police Officer and acted under the color of law and in the course and scope of his employment with the City of Chicago as a sworn law enforcement officer.

14.     At all relevant times, Defendant Officer Erik R. Shearer, Star No. 8214 ("Shearer") served as a Chicago Police Officer and acted under the color of law and in the course and scope of his employment with the City of Chicago as a sworn law enforcement officer.

15.     At all relevant times, Defendant Officer Armando Ugarte, Star No. 15050 ("Ugarte") served as a Chicago Police Officer and acted under the color of law and in the course and scope of his employment with the City of Chicago as a sworn law enforcement officer.

16.     At all relevant times, Defendant Officer Anthony P. Bruno, Star No. 12212 ("Bruno") served as a Chicago Police Officer and acted under the color of law

and in the course and scope of his employment with the City of Chicago as a sworn law enforcement officer.

17.     At all relevant times, Defendant Officer William J. LePine, Star No. 7736 ("LePine") served as a Chicago Police Officer and acted under the color of law and in the course and scope of his employment with the City of Chicago as a sworn law enforcement officer.

18.     At all relevant times, Defendant City of Chicago was a municipal corporation incorporated under the laws of the State of Illinois.  Defendant City of Chicago operates the Chicago Police Department and is the principal employer of Defendant Officers.

## FACTS

19.     Around 6:00 p.m. on Friday, September 4, 2015, Mr. Anderson was relaxing at his home at 6540 South Drexel Avenue in Chicago, Illinois, when he received a phone call from a friend saying something was happening on their block.

20.     Mr. Anderson stepped out onto his porch and saw several Chicago Police Officers at a neighbor's house.

21.     Police cars then pulled up to Mr. Anderson's house.

22.     Mr. Anderson told the police officers that only kids and the dog were inside.

23.     Defendant Officers then went into Mr. Anderson's house.

24.     The officers had a search warrant for Mr. Anderson's home and for a 29 year-old man.

25.     This search warrant was for crack cocaine and drug paraphernalia, allegedly possessed by the 29 year-old man.

26.     Mr. Anderson's granddaughter, Janice, and her friend, S.R., were laying on couches in the living room, watching television.

27.     Two or more defendant officers screamed at Janice and S.R. to "get the f – on the ground."

28.     The defendant officers put guns to the heads of Janice and S.R.

29.     Janice and S.R. obeyed the defendant officers' commands and lay on the floor with their hands out before them.

30.     Papke then shot the family dog, Gucci King.

31.     Gucci King did not approach, attack, or otherwise threaten the officers.

32.     Gucci King died as a result of the shooting.

33.     S.H. asked Janice, "What's going on?"

34.     Janice asked the officers, "Why did you shoot my dog?"

35.     One of the defendant officers then mocked Janice, saying, "You want your dog? Come here, boy," and whistled at the dead dog.

36.     One of the defendant officers told S.H. to stand up and yanked her to her feet.

37.     The defendant officer told S.H., "Since you wanna act like a n- I'm going to treat you like one."

38.     The defendant officer then threw S.H. face first to the ground, lacerating her lip, and handcuffed her.

6

39.    A defendant officer pulled Janice up from the ground by her hair, ripping her hair out, and handcuffed her.

40.    The defendant officers called Janice and S.H. "young dumb b-s," and told them that they would "grow up to be nothing ass females."

41.    One of the defendant officers said, "I can do whatever I want. I'm CPD."

42.    S.H. asked one of the defendant officers if she could call her mother and the defendant officer said no.

43.    One of the defendant officers began to search the home while the other defendant officer asked Janice and S.H. questions about people they did not know.

44.    When S.H. told the officers her name and address, one of the officers said that he knew her family *and would kill her family*.

45.    The defendant officers destroyed family property while searching the home.

46.    The defendant officers did not find the 29 year-old man identified in the search warrant, at least not that day.

47.    The defendant officers did not find any drugs or drug paraphernalia in the home.

48.    No one was arrested or charged with any crimes as a result of the search.

49.     S.H. was treated at the Comer Children's Hospital Emergency Room for the lip laceration and facial swelling caused by the defendant officer throwing her to the ground.

50.     Both Janice and S.H. are seeing therapists to cope with this incident.

**COUNT I**
**42 U.S.C. § 1983 - EXCESSIVE FORCE**
**(Janice King v. Lee, Ugarte, Shearer, and Wherfel)**

51.     Each of the foregoing paragraphs is incorporated as if restated fully herein.

52.     The Defendant Officers, without provocation, used excessive, unnecessary, and/or unreasonable force against Janice when they put a gun to her head in violation of her rights under the United States Constitution.

53.     The Defendant Officers, without provocation, used excessive, unnecessary, and/or unreasonable force against Janice when they pulled her by her hair and ripped her hair out in violation of her rights under the United States Constitution.

54.     Defendants' conduct was intentional, willful, malicious, in reckless disregard for, deliberatively indifferent to, and/or callously indifferent to Janice's constitutional rights.

55.     As a result of Defendants' unjustified and excessive use of force, Janice suffered pain to her head and continues to suffer from fear and anxiety.

8

**WHEREFORE**, Plaintiff, Janice King prays that this Court:

A. Enter judgment in favor of the Plaintiff, Janice King, and against the Defendant Officers.

B. Award compensatory damages in an amount in excess of $75,000.

C. Award punitive damages in favor of Plaintiff, Janice King, and against the Defendant Officers.

D. Award attorneys' fees and costs in favor of Plaintiff, Janice King, and against the Defendant Officers.

E. Award such other relief as the Court deems just and equitable.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

**COUNT II**
**BATTERY**
**(Janice King v. Lee, Ugarte, Shearer, and Wherfel)**

56. Each of the foregoing paragraphs is incorporated as if restated fully herein.

57. The Defendant Officers intentionally and forcibly caused an unconsented harmful contact to Janice in that they intentionally put a gun to her head.

58. The Defendant Officers intentionally and forcibly caused an unconsented harmful contact to Janice in that they intentionally pulled her back by her hair and ripped her hair out.

59.     As a direct and proximate result of Defendants' intentional conduct, Janice suffered pain to her head and continues to suffer from fear and anxiety.

**WHEREFORE**, Plaintiff, Janice King, prays that this Court:

A. Enter judgment in favor of the Plaintiff, Janice King, and against the Defendant Officers.

B. Award compensatory damages in an amount in excess of $75,000.

C. Award punitive damages in favor of Plaintiff, Janice King, and against the Defendant Officers.

D. Award attorneys' fees and costs in favor of Plaintiff, Janice King, and against the Defendant Officers.

E. Award such other relief as the Court deems just and equitable.

### JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

### COUNT III
### 42 U.S.C. § 1983 - EXCESSIVE FORCE
### (Sheree Henderson, on behalf of her minor child S.H. v. Lee, Ugarte, Shearer, and Wherfel)

52.     Each of the foregoing paragraphs is incorporated as if restated fully herein.

53.     The Defendant Officers, without provocation, used excessive, unnecessary, and/or unreasonable force against S.H. when they put a gun to her head in violation of her rights under the United States Constitution.

10

54. The Defendant Officers, without provocation, used excessive, unnecessary, and/or unreasonable force against S.H. when they threw her face down to the ground in violation of her rights under the United States Constitution.

55. Defendants' conduct was intentional, willful, malicious, in reckless disregard for, deliberatively indifferent to and/or callously indifferent to S.H.'s constitutional rights.

56. As a result of Defendants' unjustified and excessive use of force, S.H. suffered lip lacerations and facial swelling, and continues to suffer from fear and anxiety.

**WHEREFORE**, Plaintiff, Sheree Henderson, on behalf of her minor child, S.H., prays that this Court:

A. Enter judgment in favor of the Plaintiff, Sheree Henderson, on behalf of her minor child, S.H., and against the Defendant Officers.

B. Award compensatory damages in an amount in excess of $75,000.

C. Award punitive damages in favor of Plaintiff, Sheree Henderson, on behalf of her minor child, S.H., and against the Defendant Officers.

D. Award attorneys' fees and costs in favor of Plaintiff, Sheree Henderson, on behalf of her minor child, S.H., and against the Defendant Officers.

E. Award such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

**COUNT IV**
**BATTERY**
**(Sheree Henderson, on behalf of her minor child S.H. v. Lee, Ugarte, Shearer, and Wherfel)**

57.     Each of the foregoing paragraphs is incorporated as if restated fully herein.

58.     The Defendant Officers intentionally and forcibly caused an unconsented harmful contact to S.H. in that they intentionally put a gun to her head.

59.     The Defendant Officers intentionally and forcibly caused an unconsented harmful contact to S.H. in that they intentionally threw her face down to the ground.

60.     As a direct and proximate result of Defendants' intentional conduct, S.H. suffered lip lacerations and facial swelling, and continues to suffer from fear and anxiety.

**WHEREFORE**, Plaintiff, Sheree Henderson, on behalf of her minor child, S.H., prays that this Court:

A.     Enter judgment in favor of the Plaintiff, Sheree Henderson, on behalf of her minor child, S.H. and against the Defendant Officers.

B.     Award compensatory damages in an amount in excess of $75,000.

C.     Award punitive damages in favor of Plaintiff, Sheree Henderson, on behalf of her minor child, S.H., and against the Defendant Officers.

D.     Award attorneys' fees and costs in favor of Plaintiff, Sheree Henderson, on behalf of her minor child, S.H., and against the Defendant Officers.

E.     Award such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(Janice King v. Papke, Lee, Ugarte, Shearer, and Wherfel)**

61.     Each of the foregoing paragraphs is incorporated as if restated fully herein.

62.     The Defendant Officers' conduct in putting a gun to Janice's head, pulling her hair out, calling her names, and mocking her after shooting her dog was extreme and outrageous.

63.     The Defendant Officers committed the misconduct with knowledge that their actions would cause Janice severe emotional distress.

64.     As a direct and proximate cause of Defendant Officers' misconduct, Janice has suffered and continues to suffer severe emotional distress, including emotional anguish, fear, embarrassment, and anxiety.

**WHEREFORE**, Plaintiff, Janice King, prays that this Court:

A. Enter judgment in favor of the Plaintiff, Janice King, and against the Defendant Officers.

B. Award compensatory damages in an amount in excess of $75,000.

13

C. Award punitive damages in favor of Plaintiff, Janice King, and against the Defendant Officers.

D. Award attorneys' fees and costs in favor of Plaintiff, Janice King, and against the Defendant Officers.

E. Award such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Sheree Henderson, on behalf of her minor child S.H., v. Papke, Lee, Ugarte, Shearer, and Wherfel)

65. Each of the foregoing paragraphs is incorporated as if restated fully herein.

66. The Defendant Officers' conduct in putting a gun to S.H.'s head, throwing her face down on the ground, calling her names, and threatening to kill her family was extreme and outrageous.

67. The Defendant Officers committed the misconduct with knowledge that their actions would cause S.H. severe emotional distress.

68. As a direct and proximate cause of Defendant Officers' misconduct, S.H. has suffered and continues to suffer severe emotional distress, including emotional anguish, fear, embarrassment, and anxiety.

**WHEREFORE**, Plaintiff, Sheree Henderson, on behalf of her minor child,

14

S.H., prays that this Court:

A. Enter judgment in favor of the Plaintiff, Sheree Henderson, on behalf of her minor child, S.H. and against the Defendant Officers.

B. Award compensatory damages in an amount in excess of $75,000.

C. Award punitive damages in favor of Plaintiff, Sheree Henderson, on behalf of her minor child, S.H., and against the Defendant Officers.

D. Award attorneys' fees and costs in favor of Plaintiff, Sheree Henderson, on behalf of her minor child, S.H., and against the Defendant Officers.

E. Award such other relief as the Court deems just and equitable.

### JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

### COUNT VII
### ILLEGAL SEIZURE
**(James Anderson, Dorothy Whitfield-Anderson, Terrell Whitfield, Janice King, and Toyothy Whitfield v. Papke)**

69. Each of the foregoing paragraphs is incorporated as if restated fully herein.

70. Papke seized Plaintiffs' property, the family dog, Gucci King, by shooting and killing him.

71. Papke acted intentionally in shooting and killing Gucci King.

72. Papke's shooting of Gucci King was unreasonable.

73. As a result of the Papke's unreasonable seizure of Gucci King, Plaintiffs suffered and continue to suffer sadness, fear, anxiety, and the loss of Gucci King.

**WHEREFORE**, Plaintiffs, James Anderson, Dorothy Whitfield-Anderson, Terrell Whitfield, Janice King, and Toyothy Whitfield, pray that this Court:

A. Enter judgment in favor of Plaintiffs and against Papke.

B. Award compensatory damages in an amount in excess of $75,000.

C. Award punitive damages in favor of Plaintiffs and against Papke.

D. Award attorneys' fees and costs in favor of Plaintiffs and against Papke.

E. Award such other relief as the Court deems just and equitable.

### JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

### COUNT VIII
### ILLEGAL SEIZURE
**(James Anderson and Dorothy Whitfield-Anderson v. All defendants)**

74. Each of the foregoing paragraphs is incorporated as if restated fully herein.

75. The Defendant Officers seized Plaintiffs' property by destroying their property as they searched the family home.

76. The Defendant Officers acted intentionally in destroying their property.

16

77.     The Defendant Officers' destruction of Plaintiffs' property was unreasonable.

78.     As a result of the Defendant Officers' unreasonable seizure of Plaintiffs' property, Plaintiffs suffered and continue to suffer fear, anxiety, and the loss of their property.

**WHEREFORE**, Plaintiffs, James Anderson and Dorothy Whitfield-Anderson, pray that this Court:

A. Enter judgment in favor of Plaintiffs and against the Defendant Officers.

B. Award compensatory damages in an amount in excess of $75,000.

C. Award punitive damages in favor of Plaintiffs and against the Defendant Officers.

D. Award attorneys' fees and costs in favor of Plaintiffs and against the Defendant Officers.

E. Award such other relief as the Court deems just and equitable.

### JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

### COUNT IX
### INDEMNIFICATION
### (All plaintiffs v. Defendant City of Chicago)

79.     Each of the foregoing paragraphs is incorporated as if restated fully herein.

17

80.     Defendant City of Chicago is the indemnifying entity for the actions of Defendant Officers, described above, who took these actions while acting under the color of law and in the course and scope of their employment with the City of Chicago.

**WHEREFORE,** should the Defendant Officers be found liable of the claims set forth above, Plaintiffs demand that Defendant City of Chicago be found liable for any judgment (other than punitive damages) they obtain.

### JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

### COUNT X
### RESPONDEAT SUPERIOR
### (All plaintiffs v. Defendant City of Chicago)

81.     Each of the foregoing paragraphs is incorporated as if restated fully herein.

82.     In committing the acts alleged in the preceding paragraphs, the Defendant Officers were employed by and acting as agents of the City of Chicago.

83.     Defendant City of Chicago is liable as principal for all torts committed by its agents.

**WHEREFORE**, should the Defendant Officers be found liable for any of the State Law the claims set forth above, Plaintiffs demand that Defendant City of Chicago be found liable for any judgment (other than punitive damages) they obtain.

18

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

**DATED:**    August 10, 2016

Respectfully Submitted,

/s/ Rebecca R. Kaiser
One of the Attorneys For Plaintiffs

Victor P. Henderson
Rebecca R. Kaiser
**HENDERSON PARKS, LLC**
330 South Wells Street, Suite 300
Chicago, IL 60606
Telephone: (312) 262-2900
Facsimile:  (312) 262-2901